IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARNEY SLATE** | § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 1:21cv50-HSO-RHWR** |
| **N & F LOGISTIC, INC.** | § § | **DEFENDANT** |

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S COMPREHENSIVE MOTION [28] *IN LIMINE***

BEFORE THE COURT is Defendant N & F Logistic, Inc.'s Comprehensive Motion [28] *in Limine*. Plaintiff Barney Slate has filed a Response [31] in Opposition to the Motion [28]. For the reasons that follow, Defendant's Motion [28] will be granted in part as unopposed as to the items in paragraphs (1)-(4) and (8)-(24) of the Motion [28], and denied in part without prejudice as to the items in paragraphs (5)-(7).

I. BACKGROUND

Defendant N & F Logistic, Inc. ("Defendant") has filed a Comprehensive Motion [28] *in Limine* seeking to exclude twenty-four categories of evidence or argument. *See* Mot. [28] at 2-6. Plaintiff Barney Slate ("Plaintiff") has filed a Response [31] in which he states that he does not plan to offer any evidence or argument as to the items referenced in paragraphs (1)-(4) and (8)-(24). Resp. [31] at 1-5. Plaintiff objects to the exclusion of the items in paragraphs (5), (6), and (7). *Id.* at 2-3. Specifically, Plaintiff contends that Defendant seeks an improper "blanket

pretrial evidentiary ruling" over the items in these paragraphs. *Id.*

## II. DISCUSSION

A.  Defendant's unopposed requests

Defendant's requests to exclude the items in paragraphs (1)-(4) and (8)-(24) are unopposed. *See* Mot. [28] at 2-6; Resp. [31] at 1-5. The Court will grant these requests as unopposed, and any evidence or argument, including during *voir dire*, relating to the items in paragraphs (1)-(4) and (8)-(24) will not be permitted at trial.

B.  Defendant's opposed requests

In paragraphs (5) and (6), Defendants seek to exclude any medical records, medical bills, or records relating to lost wages that have not been properly authenticated or produced during discovery. Mot. [28] at 3. In paragraph (7), It seeks to prohibit introduction of any "[a]ny inadmissible hearsay evidence in the medical records pertaining to the cause of Plaintiff's accident, which was not directly communicated from Plaintiff to medical care personnel." *Id.* (citing Fed. R. Evid. 803(4)). Plaintiff responds that all of his medical bills, medical records, and records pertaining to his lost wages have been authenticated and disclosed to Defendant. Resp. [31] at 2. He contends that Defendant's request to exclude these items should be denied because Defendant improperly seeks a blanket prohibition of them. *Id.* at 2-3.

Paragraphs (5)-(7) seek exclusion of broad categories of evidence without offering any specific examples to support Defendant's request. Defendant has not identified any records or bills that Plaintiff has not authenticated or not produced

2

during discovery. *See generally* Mot. [28] at 3. In addition, Defendant has not pointed the Court to any specific inadmissible hearsay evidence contained in Plaintiff's medical records. *Id.* In essence, Defendant requests a blanket pretrial evidentiary ruling of the sort that the United States Court of Appeals for the Fifth Circuit generally disfavors. *See Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 357 (5th Cir. 1995); *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299-302 (S.D. Miss. 2020). The Court declines to make such a blanket ruling based on the current record, and instead will consider the admissibility of any specific items of this evidence subject to authentication and hearsay concerns regarding specific exhibits and testimony at trial. Defendant's Motion [28] will be denied without prejudice, with leave to reassert objections to specific items at trial, as to the items in paragraphs (5)-(7).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that Defendant N & F Logistic, Inc.'s Comprehensive Motion [28] *in Limine* is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**, as stated herein.

**SO ORDERED AND ADJUDGED**, this the 22nd day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE