IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARNEY SLATE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:21cv50-HSO-RHWR** |
| | § | |
| | § | |
| **N & F LOGISTIC, INC.** | § | **DEFENDANT** |

## ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION [29] *IN LIMINE*

BEFORE THE COURT is Plaintiff Barney Slate's Motion [29] *in Limine*.

Defendant N & F Logistic, Inc. has filed a Response [30] in Opposition to the Motion

[29]. For the reasons that follow, Plaintiff's Motion [29] will be granted in part as

unopposed as to the items in paragraphs I, IV, VI, and VIII-XVI of the Motion [29],

and denied in part without prejudice as to the items in paragraphs II, III, V, and

VII.

## I.  BACKGROUND

Plaintiff Barney Slate ("Plaintiff") has filed a Motion [29] *in Limine* asking

the Court to exclude sixteen categories of evidence. *See* Mot. [29] at 1-14. Defendant

N & F Logistic, Inc. ("Defendant") concedes Plaintiff's request to exclude the items

in paragraphs I, IV, VI, and VIII-XVI. Resp. [30] at 2-5. Defendant objects to the

exclusion of the items in paragraphs II, III, V, and VII. *Id*. at 2.

## II.  DISCUSSION

A.     Plaintiff's unopposed requests

Plaintiff's requests to exclude the items in paragraphs I, IV, VI, and VIII-XVI are unopposed. *See* Mot. [29] at 1-14; Resp. [30] at 2. The Court will grant these requests as unopposed, and any evidence or argument, including during *voir dire*, relating to the items in paragraphs I, IV, VI, and VIII-XVI will not be permitted at trial.

B.     Plaintiff's opposed requests

1.     Medical treatment for unrelated injuries and conditions

In paragraph II, Plaintiff seeks to exclude "any writing, testimony or inquiry regarding [his] past medical history or chronology of [his] medical history and prior injuries or unrelated conditions." Mot. [29] at 5 (emphasis omitted). Plaintiff anticipates that Defendant will attempt to offer evidence and arguments of his past medical history and prior injuries, and he argues "that there has been no medical testimony adduced by Defendant which would indicate or lend inference to the fact that any prior injuries contributed to the [his] present injuries." *Id.*

Paragraph III asks the Court to prohibit evidence and arguments on his "past medical treatment as well as future medical treatment for unrelated injuries and conditions." *Id.* at 5 (emphasis omitted). Plaintiff contends that this evidence is irrelevant under Rule 401 and that it should be excluded under Rule 403 as its probative value is substantially outweighed by its prejudicial effect. *Id.*

Defendant responds that the Motion [29] should be denied to the extent it

seeks to exclude "evidence of treatment to Plaintiff's left shoulder." Resp. [30] at 3.

Defendant represents that it intends to offer Plaintiff's post-accident treatment

records from several medical facilities to prove that he initially sought treatment

"for his left shoulder at these facilities and later sought treatment for his right

shoulder." *Id*. Defendant contends that this evidence "is highly probative as to

causation and must be considered by the jury when determining whether Plaintiff's

claimed right shoulder injury [was] proximately caused by the subject accident." *Id*.

   Having considered the parties' arguments, the Court finds that Plaintiff's

post-accident treatment records may be relevant to the issue of causation in this

case. *See* Fed. R. Evid. 401, 402. Evidence that Plaintiff sought treatment for his left

shoulder after the accident and then later sought treatment for right shoulder,

which is the injury at issue in this case, may have a tendency to make it more

probable than it would be without this evidence that the motor vehicle accident at

issue here did not cause Plaintiff's right shoulder injuries. *See* Fed. R. Evid. 401.

Moreover, at this stage the Court cannot conclude that the probative value of

Plaintiff's post-accident treatment records is substantially outweighed by its

prejudicial effect. *See* Fed. R. Evid. 403. Plaintiff's Motion [29] is denied without

prejudice, with leave to reassert objections to specific questions or documents at

trial, as to the items in paragraphs II and III.

2.   <u>Medical records and opinions of doctors who do not testify</u>

   In paragraph V, Plaintiff seeks exclusion of "medical records [and] opinions of

doctors who do not testify," and argues that "unless a doctor is in Court to testify

concerning his opinion in regard to the Plaintiff's condition, such an opinion or testimony should not be placed in front of the jury." Mot. [29] at 6 (emphasis omitted). Plaintiff also contends that any opinion offered by a doctor who does not testify is inadmissible hearsay. *Id.*

Defendant objects the exclusion of the evidence identified in paragraph V to the extent it seeks to prohibit Plaintiff's post-accident medical records. Resp. [30] at 3. Defendant maintains that Plaintiff is attempting "to improperly classify his own medical records as 'opinions' of his treating physicians." *Id.* at 4. In addition, Defendant argues that pursuant to Rule 705 it is entitled to question Plaintiff's experts as to any facts and data they did not use in formulating their opinions, including "medical records of other treating physicians." *Id.*

For the same reasons previously stated, the Court declines to exclude this evidence at this time. In addition, the Court agrees that Rule 705 allows Defendant to question Plaintiff's experts during cross-examination on the facts or data they did not consider in rendering their opinions. *See* Fed. R. Evid. 705 ("Unless the court orders otherwise, an expert may state an opinion--and give the reasons for it-- without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.").

On cross-examination of Plaintiff's experts, the opinions in Plaintiff's medical records would not be offered for the truth of the matter asserted and thus, do not constitute hearsay. *See* Fed. R. Evid. 801. To the extent Plaintiff seeks to exclude his post-accident medical records and the opinions of his doctors in these records in

paragraph V, his Motion [29] is denied without prejudice, with leave to reassert specific objections at trial.

3.      Testimony or argument that Plaintiff was negligent

Paragraph VII seeks exclusion of "any testimony or argument" that he "was negligent in this case" under Rule 403. Mot. [29] at 7. Plaintiff contends that there is no proof that he was negligent and that allowing Defendant's counsel "to even make such an argument would have no basis in fact and would be highly prejudicial" to his case. *Id.*

Defendant notes that under Mississippi law, whether Plaintiff "was responsible for some act or omission which proximately caused or contributed to the alleged accident" is a question for the jury to decide. Resp. [30] at 4 (citing *Spooner v. Floore*, No. 1:15cv109-HSO-JCG, 2016 WL 3983677, at *5 (S.D. Miss. July 25, 2016)). It asserts that Plaintiff's request to exclude evidence as to his negligence is an attempt "to invade on the exclusive province of the jury." *Id.*

The parties have not submitted any evidence to the Court indicating whether Plaintiff was or was not negligent. Until the Court knows more, it cannot determine whether any evidence or argument by Defendant that Plaintiff was negligent would be relevant and admissible, or instead highly prejudicial. Plaintiff's Motion [29] will be denied without prejudice, with leave to reassert specific objections at trial, as to paragraph VII.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that Plaintiff Barney

Slate's Motion [29] *in Limine* is **GRANTED IN PART and DENIED WITHOUT**

**PREJUDICE IN PART**, as stated herein.

**SO ORDERED AND ADJUDGED**, this the 22nd day of July, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE